**2021 BNH 005**          **Note:  This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.**
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:                                                           Bk. No. 20-10837-BAH
                                                                 Chapter 7
Michael A. Delong,
                   Debtor


*George C. Malonis, Esq.*
*George C. Malonis, P.C.*
*Dracut, Massachusetts*
*Attorney for Debtor*

*Joseph M. Annutto, Esq.*
*Law Office of Joseph M. Annutto*
*Nashua, New Hampshire*
*Attorney for Creditor Total Air Supply, Inc.*


## MEMORANDUM OPINION

## I.  INTRODUCTION

The Court has before it a motion filed by Michael A. Delong (the "Debtor") that seeks to avoid an attachment, in the amount of $100,000.00 obtained by Total Air Supply, Inc. ("Total Air Supply"), pursuant to 11 U.S.C. § 522(f).  This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and Local Rule 77.4(a) of the United States District Court for the District of New Hampshire.  This is a core proceeding in accordance with 28 U.S.C. § 157(b).


## II.  FACTS

The Debtor is married and lives in a home with his wife at 4 Four Seasons Lane in Merrimack, New Hampshire (the "Property").  The Debtor is the sole owner of the Property.

When the Debtor filed a chapter 7 bankruptcy petition on September 24, 2020, the Property was encumbered by a mortgage in the amount of $116,955.00.  In addition, the Property was subject to judicial liens held by Discover Bank and TD Bank, N.A. as well as a writ of attachment in favor of Total Air Supply in the amount of $100,000.00.

## III.  DISCUSSION

On July 26, 2021, the Debtor filed an amended motion to avoid the judicial lien held by Total Air Supply (Doc. No. 35) (the "Motion").  The Motion was accompanied by a memorandum of law.  Total Air Supply objected to the motion on August 3, 2021 (Doc. No. 43) (the "Objection").  The Court held hearings on the Motion on August 18, 2021, September 22, 2021, and October 21, 2021 (Doc. Nos. 48, 57, and 61).  At the hearing held on October 21, 2021, the Court ordered Total Air Supply to file a memorandum of law, in response to the Debtor' memorandum, by November 3, 2021; Total Air Supply filed its memo on October 25, 2021 (Doc. No. 63).  The Debtor was given until November 10, 2021, to file a reply and a stipulation as to the value of the Property as of the petition date.  The Debtor filed a reply memo on November 5, 2021 (Doc. No. 64) and that same day the Debtor stipulated to the value of his homestead as of the petition date (Doc. No. 65).

In the Motion, the Debtor seeks to avoid the attachment obtained by Total Air Supply pursuant to 11 U.S.C. § 522(f).  Section 522(f) provides in relevant part:

(f)(1) . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien …

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;
(ii) all other liens on the property; and
(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

(B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.

11 U.S.C. § 522(f)(1) and (2).  Section 522(f) allows a debtor "to avoid or 'wipe out' a valid perfected lien or interest that a creditor has in particular property."  In re Scannell, 453 B.R. 36, 39 (Bankr. D.N.H. 2011) (citation omitted).  The purpose of a motion to avoid lien is "to enhance [a debtor's] fresh start by eliminating an otherwise valid judicial lien."  Id. at 41 (citing In re W.K. Montgomery, 80 B.R. 385, 387 (Bankr. W.D. Tex. 1987)).  "[T]he extent to which a lien may be avoided may be easily computed once four variables are determined: (1) the amount of the lien in question; (2) the sum of all other liens on the property; (3) the amount of the debtor's exemption; and (4) the value of the subject property."  In re Dore, 1999 BNH 028, 3.

The parties agree that (1) Total Air Supply's lien is in the amount of $100,000.00; (2) the other liens on the property total $116,955.00;[1] and (3) the value of the Debtor's residence was $365,000.00 as of the petition date.  The parties dispute the exemption amount to be used in the § 522(f)(2) calculation.  The Debtor contends that he may include both a $120,000.00 exemption in the property on account of his homestead exemption under New Hampshire RSA 480:1 and also a $120,000.00 exemption in the property on account of a homestead exemption in favor of his non-debtor, non-owner spouse pursuant to New Hampshire RSA 480:3-a.  Total Air Supply

---

[1]  The Court notes that the Debtor moved to avoid the liens of TD Bank, N.A. (Doc. No. 33) and Discover Bank (Doc. No. 34).  The Court granted those motions without objection on August 18, 2021 (Doc. Nos. 49 and 50).  Pursuant to 11 U.S.C. § 522(f)(2)(B), the Court will not consider those liens in making the calculation under subparagraph (A) with respect to Total Air Supply's lien.

disputes that the Debtor can include a homestead exemption on behalf of his non-debtor, non-owner wife in the judicial lien avoidance analysis.

In deciding this dispute, the Court looks to the language of the statute.  The Bankruptcy Code provides in relevant part in § 522(f) that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs **an exemption to which the debtor would have been entitled** under subsection (b) of this section, if such lien is … a judicial lien … [A] lien shall be considered to impair an exemption to the extent that the sum of ... (i) the lien; (ii) all other liens on the property; and (iii) the amount of **the exemption that the debtor could claim** if there were no liens on the property …"  11 U.S.C. § 522(f)(1) and (2) (emphasis added).  The Bankruptcy Code does not provide for the avoidance of a lien as impairing an exemption to which the **non-debtor's spouse** would have been or is entitled.  Thus, the plain language of the statute precludes the Debtor from including any homestead exemption of his wife in the lien avoidance analysis.  See Alabarran v. Rivera (In re Riviera), 627 B. R. 765, 771-72 (B.A.P. 1st Cir. 2021) ("Applying this statutory language, the First Circuit has held that 'a debtor may avoid the fixing of a lien if three requirements are met: (1) there was a fixing of a lien on an interest of the debtor in property; (2) the lien impairs an exemption to which the debtor would have been entitled; and (3) the lien is a judicial lien.'") (quoting Wilding v. CitiFinancial Consumer Fin. Servs., Inc. (In re Wilding), 475 F.3d 428, 431 (1st Cir. 2007) (emphasis added)). It is irrelevant then whether the Debtor's spouse has a homestead exemption in the Property, as the Debtor argues she does pursuant to RSA 480:3-a.[2]  The Bankruptcy Code does not permit a

---

[2]  The Court recently considered the scope of RSA 480:3-a, sustaining the chapter 13 trustee's objection to the debtor's claim of a homestead exemption under NH RSA 480:3-a on account of his deceased spouse's interest in the homestead, as RSA 480:3-a applies to protect surviving spouses who do not have an ownership interest in their residence at the time of the homeowner's death.  In re Hopkins, 2021 BNH 004.

debtor to include the exemption of a non-debtor when calculating whether a lien may be avoided as impairing a debtor's exemption.  For that reason, the Debtor may include only his homestead exemption in the amount of $120,000.00 in making the § 522(f)(2) calculation.

Accordingly, the formula in § 522(f)(2)(A) works as follows in this case:

1.  Add the lien being tested for avoidance, i.e., Total Air Supply's lien in the amount of $100,000.00, with all other liens, i.e., the mortgage of $116,955.00, and the maximum exemption allowable in the absence of liens, i.e., the $120,000.00 homestead available to the Debtor under state law, to get a sum of $336,955.00.

2.  From that sum, i.e., $336,955.00, subtract the value of the property in the absence of liens, i.e., $365,000.00, in order to determine the extent of the impairment.  The result is a negative number, i.e., ($28,045.00).  Therefore, there is no impairment.

3.  Since the formula demonstrates there is no impairment, Total Air Supply's lien is not avoidable.

## IV.  CONCLUSION

For the reasons set forth above, the Motion is denied.  Total Air Supply's lien in the amount of $100,000.00 shall remain in place.  This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.

ENTERED at Concord, New Hampshire.

Date:   November 22, 2021                 /s/ Bruce A. Harwood
                                          Bruce A. Harwood
                                          Chief Bankruptcy Judge